## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AGROFRESH SOLUTIONS, INC., ROBERT CAMPBELL, DENISE L. DEVINE, NANCE DICCIANI, JORDI FERRE, GREGORY FREIWALD, TORSTEN KRAEF, GEORGE LOBISSER, and MACAULEY WHITING JR.,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br><u>CLASS ACTION</u> |

## **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## **NATURE OF THE ACTION**

1. On June 13, 2020, AgroFresh Solutions, Inc.'s ("AgroFresh" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused AgroFresh to enter into an Investment Agreement (the "Agreement") with PSP AGFS Holdings, L.P. (the "Investor"), an affiliate of Paine Schwartz Partners, LLC ("PSP").

2. Pursuant to the terms of the Agreement, among other things, the Investor will purchase an aggregate of $150,000,000 of new preferred stock of the Company (the "Proposed Transaction").

3. On July 6, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that

AgroFresh's stockholders vote to approve the issuance of shares pursuant to the Agreement at a stockholder meeting scheduled for August 6, 2020.

4. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of AgroFresh common stock.

9. Defendant AgroFresh is a Delaware corporation and maintains its principal executive offices at 510-530 Walnut Street, Suite 1350, Philadelphia, Pennsylvania 19106. AgroFresh's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AGFS."

10. Defendant Robert Campbell is a director of the Company.

11. Defendant Denise L. Devine is a director of the Company.

12. Defendant Nance Dicciani is Chairman of the Board of the Company.

13. Defendant Jordi Ferre is Chief Executive Officer and a director of the Company.

14. Defendant Gregory Freiwald is a director of the Company.

15. Defendant Torsten Kraef is a director of the Company.

16. Defendant George Lobisser is a director of the Company.

17. Defendant Macauley Whiting Jr. is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of AgroFresh (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20. This action is properly maintainable as a class action.

21. The Class is so numerous that joinder of all members is impracticable. As of June 9, 2020, there were approximately 52,054,437 shares of common stock of AgroFresh outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22. Questions of law and fact are common to the Class, including, among others, whether defendants violated the Exchange Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other

members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

### *Background of the Company and the Proposed Transaction*

26. AgroFresh is a leading global innovator and provider of science-based solutions, data-driven technologies, and experience-backed services to enhance the quality and extend the shelf life of fresh produce.

27. For more than twenty years, the Company has been revolutionizing the apple industry and has launched new innovative solutions in a variety of fresh produce categories, including bananas, cherries, citrus, and pears.

28. On June 15, 2020, the Individual Defendants caused AgroFresh to enter into the Agreement.

29. Pursuant to the terms of the Agreement, among other things, the Investor will purchase an aggregate of $150,000,000 of new preferred stock of the Company.

30. According to the press release announcing the Proposed Transaction:

AgroFresh Solutions, Inc. ("AgroFresh" or the "Company") (Nasdaq: AGFS), a global leader in produce freshness solutions, today announced that it has entered into an agreement to sell $150 million of newly issued convertible preferred stock to an affiliate of Paine Schwartz Partners, LLC ("Paine Schwartz" or "PSP"), a leading private equity firm focused exclusively on sustainable food chain investing. . . .

Terms of the Investment

On an as-converted basis, the preferred stock would initially represent approximately 36% of AgroFresh's pro-forma common shares outstanding. In connection with the investment, AgroFresh would expand the size of its Board of Directors to ten members, with PSP initially designating two members of the Board.

PSP's $150 million convertible preferred stock investment carries a 16% dividend, with a minimum 8% payable in cash. The preferred stock will be convertible into shares of AgroFresh common stock at a conversion price of $5.00 per share, reflecting a nearly 100% premium to the Company's 60-day volume-weighted average closing price.

The PSP investment is subject to customary closing conditions, including the receipt of required regulatory approvals, and is contingent upon the successful refinancing of AgroFresh's senior secured credit facility. The Company currently anticipates closing the PSP investment and the refinancing of its senior secured credit facility early in the third quarter of 2020.

AgroFresh will file a Form 8-K with the Securities and Exchange Commission containing additional information regarding the terms of the convertible preferred stock.

BMO Capital Markets acted as sole financial advisor and Greenberg Traurig, LLP acted as legal advisor to AgroFresh. Evercore acted as sole financial advisor and Kirkland & Ellis LLP as legal advisor to Paine Schwartz.

***The Proxy Statement Omits Material Information***

31. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

32. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

33. The Proxy Statement fails to disclose the financial projections and analyses that the Individual Defendants considered and relied upon in coming to their decision to approve the Agreement.

34. The Proxy Statement fails to disclose the terms of BMO Capital Markets' ("BMO") engagement, including: (i) the amount of compensation BMO has received or will receive in connection with its engagement; (ii) whether BMO has performed past services for any parties to the Agreement or their affiliates; (iii) the timing and nature of such services; and (iv) the amount of compensation received by BMO for providing such services.

35. The Proxy Statement fails to disclose a fair summary of the process and negotiations leading up to the execution of the Agreement.

36. The Proxy Statement fails to disclose whether the Individual Defendants considered any alternatives to the Agreement.

37. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and AgroFresh

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary

6

to make the statements therein not materially false or misleading.  AgroFresh is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within AgroFresh, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of AgroFresh within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers

7

and/or directors of AgroFresh and participation in and/or awareness of AgroFresh's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of AgroFresh, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of AgroFresh, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: July 14, 2020 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com
*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com